UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAMON J. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-424 SPM |
| ) | |
| THE METROPOLITAN SEWER DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Tramon Lee brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, against his prior employer, the Metropolitan St. Louis Sewer District.[1]  ECF No. 1.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter.  *See* 28 U.S.C. § 1915(a)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will direct Plaintiff to file an amended complaint, on the court-provided form, in compliance with the instructions set out below.

---

[1] Plaintiff refers to Defendant as both "The Metropolitan Sewer District" and "St. Louis Metropolitan Sewer District," but the right-to-sue letter attached to the complaint states the defendant's name as "Metropolitan St. Louis Sewer District."  *See* ECF Nos. 1 at 1-2, 1-3 at 2.  The Clerk of Court will be directed to update the docket sheet to reflect this name for defendant.

-1-

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff brings this Title VII employment discrimination action against his former employer, alleging that he was harassed and retaliated against due to his race. ECF No. 1 at 1, 4-5. According to Plaintiff, this discrimination occurred in 2022 between September 19th and 30th, and also on October 4th. *Id.* at 3. The essential facts of Plaintiff's claim, in his own words, are as follows:

> During my employment with the Metropolitan Sewer District, I experienced racist and invasive remarks made by John Cusamano around September 19th. I reported this behavior to my supervisor, Sever Leone, and he failed to document this complaint (in Oracle). I believe that Mr. Leone chose to ignore my complaint as a result of retaliation. In July, Dino Kiveric, Assistant HR Director, conducted an investigation of Sever Leone['s] treatment of his employee after he received a complaint. I gave a statement in the investigation [–] this [is] why I believe Mr. Leone has a bias against [me] and motive to retaliate.
>
> * I would like to also note that my termination is a separate incident and is not related to my complaint.

*Id.* at 5-6. For relief, Plaintiff seeks damages for emotional distress; lost wages for one-year or his job back; and required training for defendant's employees, Sever Leone and John Cusamano. *Id.* at 7.

### Discussion

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To establish a prima facie case of Title VII discrimination, a plaintiff must show that he: (1) is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than

Case: 4:23-cv-00424-SPM   Doc. #:  5   Filed: 05/16/23   Page: 4 of 8 PageID #: 21

similarly situated employees who were not members of his protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected conduct; (2) he suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Jackman*, 728 F.3d at 804 (citation omitted).

In this case, Plaintiff fails to allege the required elements of a prima facie case of Title VII discrimination or retaliation. Plaintiff directly states that this case is "a separate incident" from his "termination," and his termination "is not related to [his] complaint." ECF No. 1 at 6. If Plaintiff is not alleging his termination from employment as the adverse employment action suffered, it does not appear that he has pled an adverse employment action.

As explained by the Eighth Circuit:

> An adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. However, minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action.

*Jackman*, 728 F.3d at 804 (internal citation omitted).

Here, Plaintiff states that his supervisor failed to document a complaint that Plaintiff made to him about racist remarks from a coworker. Plaintiff asserts that his supervisor did this in

retaliation for Plaintiff giving a statement against him as part of a workplace investigation. As best the Court can decipher, Plaintiff is possibly asserting that the adverse employment action that he suffered was his supervisor's failure to file his complaint regarding racism. However, Plaintiff does not allege that the lack of a filed complaint caused him to suffer any materially significant disadvantage in the workplace. Plaintiff's complaint fails to allege the required Title VII element of an adverse employment action.

Furthermore, as to Plaintiff's discrimination claim, Plaintiff alleges that he was discriminated against based on race. But Plaintiff never specifies his own race, nor does he allege membership in any protected class. Moreover, Plaintiff never details any disparate treatment and the complaint is void of any allegations that similarly situated employees of a different race were treated more favorably. This Court cannot assume facts that are not alleged in the complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Plaintiff's employment discrimination complaint fails to state a valid claim under Title VII.

### Amendment Instructions

Because Plaintiff is self-represented, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing for failure to state a claim). Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the amended complaint on the court-provided form. Plaintiff should make sure to fully complete the form and provide all required information. Plaintiff should specify all legal grounds for his employment discrimination lawsuit and provide all required information for each named defendant. Plaintiff should detail all facts and describe specific conduct that he believes is discriminatory. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

After the filing of Plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for Plaintiff to proceed in this lawsuit.

## Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once a plaintiff has alleged a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person


to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is premature at this time. As discussed above, Plaintiff has not stated a prima facie Title VII claim. Furthermore, defendant has not yet been served and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time. Plaintiff's motion for appointment of counsel will be denied without prejudice, subject to refiling at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall correct the docket sheet to reflect the correct name for defendant: "Metropolitan St. Louis Sewer District."

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

                                                                                   SHIRLEY PADMORE MENSAH
                                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2023.